IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 5 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | § § § | |
| VS. | § § | C.A. NO. B-03-167 |
| LAS ARENAS CONDOMINIUMS ASSOCIATION OF CO-OWNERS, INC. D/B/A LAS ARENAS CONDOMINIUMS | § § § § | |

## WAIVER OF SERVICE OF SUMMONS

TO:　General Security Indemnity Company of Arizona, by and through its Attorney-In-Charge, Ken E. Kendrick of Kelly, Sutter & Kendrick, P.C., 3050 Post Oak Blvd., Suite 200, Houston, Texas 77056-6570.

I acknowledge receipt of your request that Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas Condominiums waive service of a summons in the action of *General Security Indemnity Company of Arizona v. Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas Condominiums*, which is case number B-03-167 in the United States District Court of the Southern District of Texas, Brownsville Division. I have also received a copy of the Complaint, Order for Conference and various documents provided by Judge Hilda G. Tagle in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the Complaint in this lawsuit by not requiring Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas Condominiums to be served with judicial process in the manner provided by Rule 4.

Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas Condominiums will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

S:\KEK\2326\2325\Waiver02.wpd　　　　　　　　　1

I understand that a judgment may be entered against Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas Condominiums if an answer or motion under Rule 12 is not served upon Plaintiff's counsel within sixty (60) days after October 21, 2003.

Signed this __21__ day of __Nov_____, 2003.

|  |  |
|---|---|
|  | LAS ARENAS CONDOMINIUMS ASSOCIATION OF CO-OWNERS, INC. D/B/A LAS ARENAS CONDOMINIUMS |
| Date: 21 Nov 2003 | By _____ <br> Printed Name: __Mark Sossi__ <br> Title: __Atty__ |

---

*Duty to Avoid Unnecessary Costs of Service of Summons*

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waiver service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its persons or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.