\0

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | § § § | |
| VS. | § § | CIVIL ACTION NO. B-03167 (Jury Requested) |
| LAS ARENAS CONDOMINIUMS ASSOCIATION OF CO-OWNERS, INC. D/B/A LAS ARENAS CONDOMINIUMS | § § § | |
| Vs. | | |
| Peacock Construction, Inc. | | |
| | § | |

---

**DEFENDANT LAS ARENAS CONDOMINIUMS ASSOCIATION OF
CO-OWNERS, INC. D/B/A LAS ARENAS CONDOMINIUMS'
ORIGINAL COUNTER-CLAIM AGAINST
GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA
And Original Third Party Action Against Peacock Construction, Inc.**

---

TO THE UNITED STATES DISTRICT COURT JUDGE;

**NOW COMES** Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas

Condominiums, hereinafter called Defendant/Counter-Plaintiff, complaining of and about General

Security Indemnity Company of Arizona, hereinafter called Counter-Defendant, and Peacock

Construction, Inc. and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Defendant/Counter-Plaintiff, Las Arenas Condominiums Association of Co-Owners,

Inc., d/b/a Las Arenas Condominiums, whose address is 3104 Gulf Blvd., South Padre Island, Texas

78597 is a condominium association duly formed and organized under the laws of the state of Texas.

2.      Counter-Defendant General Security Indemnity (GSI) Company of Arizona has already answered and appeared in this action

3.      Third Party Defendant Peacock Construction, Inc. is a Texas Corporation who may be served with citation through service on their registered agent for service of citation in Texas, William T. Peacock Jr. 801 E Grimes, Harlingen, Texas 78520.

## JURISDICTION AND VENUE

4.      There is no Federal question jurisdiction in this case. The joinder of Peacock Construction, Inc. in this action destroys the diversity jurisdiction that previously existed and this matter should be remanded to state court.

## FACTS

5.      Peacock construction, Inc. was the contractor for the Las Arenas Condominium Complex at south Padre Island, Texas. During the course of the construction or alternatively, shortly after there were water leaks, intrusions and damage caused by the acts and or omissions of Peacock Construction, Inc.    Las Arenas notified Peacock and its insurer, GSI of the problems with the construction and with serious mold problems which were present at the complex. However, Peacock Construction failed to properly repair and remediate the mold damage at the complex. Defendant's insurer GSI failed to properly investigate the claim, eventually denied coverage and even in bad faith filed a declaratory action with the United States District Court.  GSI's position was that the water damage at the complex was not a covered loss but rather was the fault of the contractor, Peacock

Construction, Inc.

## BREACH OF CONTRACT

6.      Counter-Plaintiff Las Arenas would show that the actions and/or omissions of both

Peacock Construction, Inc. and GSI Defendant described hereinabove constitute breach of

contract, which proximately caused the direct and consequential damages of Las Arenas

described herein and for which Las Arenas hereby sues.

### Negligence as to Peacock Defendant

7.      Counter Plaintiff Las Arenas would show that Defendants damages were caused in

whole or in part by the acts and or omissions or Defendant Peacock Construction, Inc. and Defendant

GIS, that such actions by these defendants were negligent and proximately caused the damages to

Las Arenas.

## DECEPTIVE TRADE PRACTICES

9.      Las Arenas would show that Defendant GSI  engaged in certain false, misleading

and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices

- Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged

hereinbelow.

10.      Unfair Claim Settlement Practices.  GSI engaged in unfair claim settlement practices

prohibited by Article 21.21, Section 4(10) of the Texas Insurance Code, to wit:

    (a)      misrepresenting to a claimant a material fact or policy provision relating to coverage
          at issue; and

    (b)      failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement
          of a claim with respect to which the insurer's liability has become reasonably clear.

DEFENDANT LAS ARENAS CONDOMINIUMS ASSOCIATION OF CO-OWNERS, INC D/B/A LAS ARENAS CONDOMINIUMS'
ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT (#03130)

Page 3

11.    <u>Misrepresentation of Insurance Policy</u>.   GSI misrepresented an insurance policy as prohibited by Article 21.21, Section 4(11) of the Texas Insurance Code, to wit:

(a)    making an untrue statement of material fact;

(b)    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

(c)    making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of a material fact;

(d)    making a material misstatement of law; and

(e)    failing to disclose any matter required by law to be disclosed, including a failure to make disclosure in accordance with another provision of this code.

12.    <u>Unfair and Deceptive Acts or Practices</u>.   GSI also engaged in unfair and deceptive acts or practices prohibited by Article 21.21, Section 4 of the Texas Insurance Code, to wit:

(a)    making, issuing, circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement misrepresenting the terms of any policy issued or to be issued or the benefits or advantages promised thereby or the dividends or share of the surplus to be received thereon, or making any false or misleading statements as to the dividends or share of surplus previously paid on similar policies, or making any misleading representation or any misrepresentation as to the financial condition of any insurer, or as to the legal reserve system upon which any life insurer operates, or using any name or title of any policy or class of policies misrepresenting the true nature thereof, or making any misrepresentation to any policyholder insured in any company for the purpose of inducing or tending to induce such policyholder to lapse, forfeit, or surrender his insurance;

(b)    making, publishing, disseminating, circulating or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated, or placed before the public, in a newspaper, magazine or other publication, or in the form of a notice, circular, pamphlet, letter or poster, or over any radio or television station, or in any other way, an advertisement, announcement or statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive or misleading;

(c)    making or permitting any unfair discrimination between individuals of the same class and equal expectation of life in the rates charged for any contract of life insurance or of life annuity or in the dividends or other benefits payable thereon, or in any other of the terms and conditions of such contract;

(d)    knowingly permitting or offering to make or making any contract of life insurance, life annuity or accident and health insurance, or agreement as to such contract other than as plainly expressed in the contract issued thereon, or paying or allowing, or giving or offering to pay, allow, or give, directly or indirectly, as inducement to such insurance, or annuity, any rebate of premiums payable on the contract, or any special favor or advantage in the dividends or other benefits thereon, or any valuable consideration or inducement whatever not specified in the contract; or giving, or selling, or purchasing or offering to give, sell, or purchase as inducement to such insurance or annuity or in connection therewith, any stocks, bonds, or other securities of any insurance company or other corporation, association, or partnership, or any dividends or profits accrued thereon, or anything of value whatsoever not specified in the contract; and

(e)    using, displaying, publishing, circulating, distributing, or causing to be used, displayed, published, circulated, or distributed in any letter, pamphlet, circular, contract, policy, evidence of coverage, article, poster, or other document, literature, or public media of: (1) a name as the corporate or business name of a person or entity engaged in an insurance or insurance related business in this state that is the same as, or deceptively similar to, the name adopted and used by an insurance entity, health maintenance organization, third party administrator, or group hospital service company authorized to do business under the laws of this state; or (2) a word, symbol, device, slogan, or any combination of these items, whether registered or not registered, that is the same as or deceptively similar to one adopted and used by an insurance entity, health maintenance organization, third party administrator, or group hospital service company to distinguish such entities, products, or service from other entities, and includes the title, designation, character names, and distinctive features of broadcast or other advertising. Where two persons or entities are using a name, word, symbol, device, slogan, or any combination of these items that are the same or deceptively similar and are likely to cause confusion or a mistake, the user who can demonstrate the first continuous actual use of such name, word, symbol, device, slogan, or combination of these items shall not have committed an unfair method of competition or deceptive act or practice.

13.    <u>Reliance</u>. Counter-Plaintiff would further show the acts, practices and/or omissions

complained of under Article 21.21 of the Texas Insurance Code were relied upon by Las Arenas to

Las Arenas detriment.

## ECONOMIC AND ACTUAL DAMAGES

17.    Las Arenas sustained the following economic and actual damages as a result of the negligent actions and/or omissions of Peacock and GSI;

(a)    Property damage, cost of replacement and repair, loss of use

## MULTIPLE DAMAGES

18.    Las Arenas would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that GSI had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

19.    Las Arenas further avers that such acts, practices, and/or omissions were committed "intentionally" in that GSI specifically intended that Las Arenas in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

20.    Therefore, Las Arenas is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## ATTORNEY'S FEES

21.    Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Defendant/Counter-Plaintiff herein, including all fees necessary in the event of an appeal of this cause as the Court deems equitable and just, as provided by: (a) Section 16(b)(1), Article 21.21 of the Texas Insurance Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; and, (c) common law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant/Counter-Plaintiff, Las Arenas Condominiums Association of Co-Owners, Inc., d/b/a Las Arenas Condominiums, respectfully prays that the Plaintiff/Counter-Defendants Peacock and GSI be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Defendant/Counter-Plaintiff against Plaintiff/Counter-Defendants for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Defendant/Counter-Plaintiff may be entitled at law or in equity, whether pled or unpled.

Signed on the __17__ day of March, 2004.

Respectfully submitted,

LAW OFFICE OF MARK E. SOSSI
Three North Park Plaza
Brownsville, Texas 78521
Telephone:  (956) 554-7877
Facsimile:  (956) 554-7879

By: _____
MARK E. SOSSI
State Bar No.  18855680
USDC No. 10231

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded via certified mail, return receipt requested on the _17_ day of March, 2004, has been forwarded to:

Mr. Ken E. Kendrick
**Kelley, Sutter & Kendrick, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, TX 77056-6570

**VIA CMRRR 7001 1140 0003 2367 3037**

_____
Mark Sossi