

United States District Court
Southern District of Texas
FILED

JUN 2 9 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA | § § § | |
| VS. | § § | C.A. NO. B-03-167 |
| LAS ARENAS CONDOMINIUMS ASSOCIATION OF CO-OWNERS, INC. D/B/A LAS ARENAS CONDOMINIUMS | § § § § | |

### GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA'S MOTION FOR MORE DEFINITE STATEMENT AND SUBJECT THERETO, ANSWER TO THE ORIGINAL COUNTER-CLAIM OF DEFENDANT LAS ARENAS CONDOMINIUMS ASSOCIATION OF CO-OWNERS, INC. D/B/A LAS ARENAS CONDOMINIUMS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA f/k/a Fulcrum Insurance Company ("General Security" and/or "Cross-Defendant"), and files its Motion for More Definite Statement and Subject Thereto, Answer to the Original Counter-Claim of Defendant Las Arenas Condominiums Association of Co-Owners, Inc. d/b/a Las Arenas Condominiums ("Las Arenas Condominiums") and would show unto this Honorable Court as follows:

### MOTION FOR MORE DEFINITE STATEMENT

1.  Pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, Cross-Defendant requests that Las Arenas Condominiums be required to replead the following sections of its Original Counter-Claim providing a more definite statement of the allegations before requiring Cross-Defendant to frame a responsive pleading.

(a) Cross-Defendant requests that Las Arenas Condominiums be required to replead its allegations of Paragraph 5 against Cross-Defendant. Specifically, Cross-Defendant requests that Las Arenas Condominiums be required to identify the dates, times and locations of the "water leaks, intrusions and damage caused by the acts or omissions of Peacock Construction, Inc." This information is necessary to determine whether these events took place within the Policy period, whether notice was given of these specific events, or the alleged damage as alleged in Paragraph 5 of the Original Counter-Claim. Cross-Defendant requests that Las Arenas Condominiums be required to identify the date, time and manner which it allegedly "notified...GSI of the problems with the construction" as alleged in Paragraph 5 of the Original Counter-Claim. Cross-Defendant requests that Las Arenas Condominiums plead with more specificity the alleged failure "to properly investigate the claim" by providing actual details as opposed to a general statement of their contention. Specifically, Cross-Defendant requests that Las Arenas Condominiums be required to plead the specific acts or omissions which they claim were or were not performed in compliance with the Policy language as alleged in Paragraph 5 of the Original Counter-Claim. Cross-Defendant requests that Las Arenas Condominiums provide a more specific statement concerning its allegations of "bad faith" filing of the Declaratory Action with this Honorable Court to include the specific acts or omissions which they claim support that allegation as alleged in Paragraph 5 of the Original Counter-Claim.

(b) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged "actions and/or omissions" which they contend "constitute breach of contract" since no specific acts or omissions of any kind are provided as alleged in Paragraph 6 of the Original Counter-Claim. Cross-Defendant requests that Las Arenas Condominiums specifically describe the "direct and consequential damages" for which they allegedly sue describing both date, place, time and amount of alleged damages as alleged in Paragraph 6 of the Original Counter-Claim..

(c) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged "actions and/or omissions" which they contend "constitute negligence" since no specific acts or omissions of any kind are alleged in Paragraph 7 of the Original Counter-Claim.

(d) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged "actions and/or omissions" which they contend "constitute false, misleading and deceptive acts, practices or omissions" since no specific acts or omissions of any kind are alleged in Paragraph 9 of the Original Counter-Claim.

(e) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged "practices" which they contend "violate 4(10)" since no specific acts or omissions of any kind are alleged in Paragraph 10 of the Original Counter-Claim.

(f) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged actions and/or omissions which they contend constitute alleged misrepresentations since no specific acts or omissions of any kind are alleged in Paragraph 11 of the Original Counter-Claim.

(g) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged actions and/or omissions which they contend constitute "unfair or deceptive acts or practices" since no specific acts or omissions of any kind are alleged in Paragraph 12 of the Original Counter-Claim.

(h) Cross-Defendant requests that Las Arenas Condominiums be required to specifically set forth the alleged actions and/or omissions which they contend "constitute acts, practices or omissions" since no specific acts or omissions of kind are provided in Paragraph 13 of the Original Counter-Claim.

(i) Cross-Defendant requests that Las Arenas Condominiums specifically set forth specific "economic and actual damages" which they claim as alleged in Paragraph 17 of the Original Counter-Claim..

(j) Cross-Defendant requests that Las Arenas Condominiums specifically set forth "false, misleading, and deceptive acts, practices or omissions" since none are provided as alleged in Paragraph 18 of the Original Counter-Claim.

(k) Cross-Defendant requests that Las Arenas Condominiums specifically set forth "acts, practices or omissions" since none are provided that state what did occur or were made as alleged in Paragraph 19 of the Original Counter-Claim.

## **SPECIFIC DENIALS/ADMISSIONS**

2. Cross-Defendant admits the allegations of Paragraph 1 of Las Arenas Condominiums' Original Counter-Claim.

3. Cross-Defendant admits the allegations of Paragraph 2 of Las Arenas Condominiums' Original Counter-Claim.

4. Cross-Defendant is without knowledge or information sufficient to form a belief as to the allegations of Paragraph 3 of Las Arenas Condominiums' Original Counter-Claim.

5. Cross-Defendant denies the allegations of Paragraph 4 of Las Arenas Condominiums' Original Counter-Claim.

6. Cross-Defendant denies the allegations of Paragraph 5 of Las Arenas Condominiums' Original Counter-Claim to the extent they concern Cross-Defendant. Cross-Defendant is without sufficient knowledge or information to form a belief as to the allegations against Peacock Construction, Inc.

7. Cross-Defendant denies the allegations of Paragraph 6 of Las Arenas Condominiums' Original Counter-Claim.

8. Cross-Defendant denies the allegations of Paragraph 7 of Las Arenas Condominiums' Original Counter-Claim.

9. Cross-Defendant denies the allegations of Paragraph 9 of Las Arenas Condominiums' Original Counter-Claim.

10. Cross-Defendant denies the allegations of Paragraph 10 of Las Arenas Condominiums' Original Counter-Claim.

11. Cross-Defendant denies the allegations of Paragraph 11 of Las Arenas Condominiums' Original Counter-Claim.

12. Cross-Defendant denies the allegations of Paragraph 12 of Las Arenas Condominiums' Original Counter-Claim.

13. Cross-Defendant denies the allegations of Paragraph 13 of Las Arenas Condominiums' Original Counter-Claim.

14. Cross-Defendant denies the allegations of Paragraph 17 of Las Arenas Condominiums' Original Counter-Claim.

15. Cross-Defendant denies the allegations of Paragraph 18 of Las Arenas Condominiums' Original Counter-Claim.

16. Cross-Defendant denies the allegations of Paragraph 19 of Las Arenas Condominiums' Original Counter-Claim.

17. Cross-Defendant denies the allegations of Paragraph 20 of Las Arenas Condominiums' Original Counter-Claim.

18. Cross-Defendant denies the allegations of Paragraph 21 of Las Arenas Condominiums' Original Counter-Claim.

19. Cross-Defendant denies the allegations of the Prayer of Las Arenas Condominiums' Original Counter-Claim.

## **AFFIRMATIVE DEFENSES**

20. For further answer herein, if any be necessary, Cross-Defendant denies that any demand was made by its insured for any amount in excess of the deductible under the Policy or that any request was made for payment by the insured under the Policy.

21. Cross-Defendant denies all requisite conditions and notices were met precedent to making a claim under the policy by Las Arenas Condominiums.

22. For further answer herein, if any be necessary, Cross-Defendant would show that any award of punitive or exemplary damages as requested by Las Arenas Condominiums is subject to the limitations contained in Chapter 41 of the Texas Civil Practice & Remedies Code. Cross-Defendant requests that any judgment awarding same be remitted in accordance with the Code's limitations on damages.

23. For further answer herein, if any be necessary, Cross-Defendant would show that Las Arenas Condominiums has failed to provide requested information about the number, date, and type of occurrences that took place during or prior to the policy period, failed to provide timely notice to the prejudice of Cross-Defendant, failed to identify the scope and basis for all repairs done without Cross-Defendant's knowledge, and failed to distinguish any alleged damages for each occurrence.

**WHEREFORE, PREMISES CONSIDERED, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA** f/k/a Fulcrum Insurance Company, prays that upon final trial hereof, the Court render a declaratory judgment in its favor as it requested in its Complaint and that all relief sought by Las Arenas Condominiums against General Security Indemnity Company of Arizona f/k/a Fulcrum Insurance Company be denied, and that General Security Indemnity Company

of Arizona f/k/a Fulcrum Insurance Company have such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

By _____
KEN E. KENDRICK
Federal Bar No. 6244
State Bar No. 11278500

**ATTORNEYS IN CHARGE FOR
PLAINTIFF/CROSS-DEFENDANT
SECURITY INDEMNITY COMPANY
OF ARIZONA**

**OF COUNSEL:**
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas 77056-6570
(713) 595-6000 - Telephone
(713) 595-6001 - Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of June, 2004, a true and correct copy of the foregoing was transmitted by facsimile and United States Mail to Mark Sossi, Three North Park Plaza, Brownsville, Texas 78521.

_____
**KEN E. KENDRICK**