*16*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern Dis·      · Texas
F.

JUL 3 0 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| GENERAL SECURITY INDEMNITY<br>COMPANY OF ARIZONA | §<br>§<br>§ | |
| VS. | §<br>§ | C.A. NO. B-03-167 |
| LAS ARENAS CONDOMINIUMS<br>ASSOCIATION OF CO-OWNERS, INC.<br>D/B/A LAS ARENAS CONDOMINIUMS | §<br>§<br>§<br>§ | |

PLAINTIFF/CROSS-DEFENDANT  GENERAL SECURITY
INDEMNITY COMPANY OF ARIZONA'S
DESIGNATION OF EXPERTS (WITH REPORTS)
SUBJECT TO ITS MOTION FOR ENLARGEMENT OF TIME

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA,

Plaintiff/Cross-Defendant in the above style cause of action, and subject to its Motion for

Enlargement of Time, files this, its Designation of Experts (With Reports), as follows:

1.      Michael N. Swetnam, Jr.
        Swetnam Insurance Services
        148 N. Sam Houston Blvd., Suite 1A
        P. O. Box 10008
        San Benito, Texas  78586-1008
        (956) 399-4190

        Mr. Swetnam is licensed by the Texas Department of Insurance to act as a property
        and casualty insurance agent, surplus lines insurance agent, risk manager, managing
        general agent and a reinsurance broker intermediary.  Mr. Swetnam has been
        involved in the insurance field for 22 years.  Mr. Swetnam's report and resume are
        attached hereto as Exhibit "A."

2.    Ken E. Kendrick
       Kelly, Sutter & Kendrick, P.C.
       3050 Post Oak Blvd., Suite 200
       Houston, Texas 77056-6570
       (713) 595-6000

       Mr. Kendrick is expected to testify regarding the reasonableness of attorneys' fees
       and expenses incurred by Plaintiff in prosecuting its declaratory judgment action.
       Mr. Kendrick's report and resume are attached hereto as Exhibit "B."

3.    Brown Consulting Services, Ltd.
       5151 Flynn Parkway, Suite 404
       Corpus Christi, Texas 78411
       (361) 814-6111

       Brown Consulting Services, Ltd. has knowledge of facts relevant to this case as they
       have conducted an evaluation of the property and as such may express expert
       opinions based on its evaluation of the Las Arenas Condominiums. Plaintiff/Cross-
       Defendant did not retain Brown Consulting Services, Ltd. and the reports were
       provided by Defendant's attorney before this suit was filed. Brown Consulting
       Services, Ltd.'s reports which Plaintiff/Cross-Defendant possess are attached to
       Plaintiff's First Supplemental Disclosures, and found "the reported plumbing
       leak...has not caused any currently apparent damage or surface mold growth," and
       was "reportedly repaired." However, "building envelope" leaks did cause "visible
       staining."

4.    Plaintiff/Cross-Defendant reserves the right to submit cross-examination questions
       to any expert designated by Defendant/Cross-Plaintiff.

                                            Respectfully submitted,

                                            By _____
                                                 KEN E. KENDRICK
                                                 Federal Bar No. 6244
                                                 State Bar No. 11278500

                                            ATTORNEYS IN CHARGE FOR
                                            PLAINTIFF/CROSS-DEFENDANT
                                            SECURITY INDEMNITY COMPANY
                                            OF ARIZONA

**OF COUNSEL:**
**KELLY, SUTTER & KENDRICK, P.C.**
3050 Post Oak Blvd., Suite 200
Houston, Texas  77056-6570
(713) 595-6000 - Telephone
(713) 595-6001 - Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on the 29th day of July, 2004, a true and correct copy of the foregoing was transmitted by Certified Mail Return Receipt Requested to counsel for Defendant Mark Sossi, Three North Park Plaza, Brownsville, Texas 78521.

**KEN E. KENDRICK**

# EXHIBIT "A"

# Swetnam Insurance Services

148 N. Sam Houston Blvd., Suite 1A
P.O. Box 1008
San Benito, TX 78586-1008

Telephone: (956) 399-4190          Facsimile: (956) 399-4476          Email: mswetnam@msn.com

July 27, 2004

Mr. Ken E. Kendrick, Esquire
Kelly, Sutter & Kendrick
3050 Post Oak Blvd., Suite 200
Houston, TX 77056-6570

RE:    C.A. No. B-03-167 General Security Indemnity Company of Arizona vs.
Las Arenas Condominium Association of Co-owners, Inc. dba Las Arenas
Condominiums

Dear Mr. Kendrick:

I have been involved and active in the Texas commercial lines insurance business for
more than 22 years. My educational background includes a BBA from Baylor University
and a JD from Madison University. I am licensed by the Texas Department of
Insurance to act as a property and casualty insurance agent, surplus lines insurance
agent, risk manager, managing general agent and a reinsurance broker intermediary.
My employment history and current employment involve the placement of commercial
property insurance policies similar to the one involved in this matter. I have reviewed
the documents contained in the accompanying and attached documents register. From
these said documents, the following appears:

1)    Fulcrum Insurance Company issued property insurance coverage under
Policy number 246501-01 for the policy period 6/29/01-6/29/02.

2)    The insurance policy's named insured purchased the said policy from R.N.
Jones Insurance Agency, Harlingen, TX and Myron Steves & Co.,
Houston, TX.

3)    General Security Indemnity Company of Arizona assumed the Fulcrum
Insurance Company policy's liabilities under policy number 246501-01.

4)    On or about 6/28/02, a property loss / claim notice was reported by
Mr. Mark Sossi to Mr. Sidney Brown, R.N. Jones Agency, Harlingen, TX.
Said property loss / claim notice clearly indicates "Damage from plumbing
leaks exacerbated mold growth of in the complex and many individual
units of the condominium" and has the date of this said loss and / or claim
shown to be on or about 6//27/2002.

Mr. Ken E. Kendrick, Esquire

RE:    C.A. No. B-03-167 General Security Indemnity Company of Arizona vs.
        Las Arenas Condominium Association of Co-owners, Inc. dba Las Arenas
        Condominiums

Page 2

There is no information given or provided in these documents that indicates an insured peril caused the damages referred to in item # 4 above.  From these documents, there is a vague reference to a heavy rain and the influx of rain which caused water damages.  There are also numerous invoices from Hamilton Electric & Plumbing Co., Inc. and a recap entitled "Las Arenas Repairs" which indicate various units incurred and were repaired for "water damage at windows".

However, the assumed Fulcrum insurance policy referenced above does not provide water damage insurance for wind driven rain seepage or leakage unless there is physical damage to the insured structure and a subsequence influx of rain and / or water causes damage to the insured property.  Since the Fulcrum policy does not afford insurance for this type of water damage caused by rain unless the insured structure is damaged by an insured peril, the ensuing mold claims would not be afforded insurance under the Fulcrum policy either.

5)    Hamilton Electric & Plumbing Co., Inc. invoices indicate a variety of plumbing repairs occurred at various Las Arenas condominium units. Some of these are listed below:
   a)    Hook up ice maker & dishwasher
   b)    caulked sinks
   c)    Repaired shower head & whirlpool tub
   d)    Water heater adjustments & replacements
   e)    Pressure system (not specified)
   f)    Stopped up drains
   g)    Debris in pipes
   h)    Leveling the water closet
   i)    Moving A/C Units away from water heaters
   j)    Trap replacements
   k)    Replacement of wax rings
   l)    Replacement of incorrectly installed tubs
   m)    Replacement of cracked water tank
   n)    Searching for water leak
   o)    Water leaks around kitchen sinks & disposals
   p)    Water pressure pump adjustment
   q)    Garbage disposal repair
   r)    Replacement of shower pans
   s)    Repair of water main (3" main)
   t)    Repair of leaking faucets
   u)    Repair of check backflow valve
   v)    Water line leak with screw hole in line

Mr. Ken E. Kendrick, Esquire
RE:    C.A. No. B-03-167 General Security Indemnity Company of Arizona vs.
Las Arenas Condominium Association of Co-owners, Inc. dba Las Arenas
Condominiums
Page 3

There is nothing indicated in the Hamilton Electric & Plumbing Co.'s bills or any other report document I have reviewed for the above listed reviewed variety of repairs and /or replacements that in my professional opinion would trigger insurance afforded by and / or exceed the per claim deductible of $5,000 contained in the Fulcrum insurance policy. There is no mention of a single event or accident exceeding the policy's $5,000 deductible hat would qualify as an "occurrence" as defined in the Fulcrum policy.

There is mention of a "heavy rain downpour" that occurred on or about 5/19/02 in one email (dated 5/21/04) from Ms. Spence, Las Arenas, to Mr. Hal Wvrick, Peacock Construction Co., Inc, but unless there is damage to the insured building structure that would allow rain to entered the insured structure and cause water damage, any and all water damage caused by this particular "heavy rain downpour" would not be afforded insurance by the Fulcrum insurance policy.

6)    According to the Las Arenas Condominium Board Meeting minutes, there were mold problems from the "front door and balcony doors", and "Leaks – windows." There is also reference to "water leaks caused by wind driven rains." However, water leaks around the doors and windows even if caused by wind driven rain are not afforded insurance under the Fulcrum insurance policy unless there is damage and an opening made to the insured structure.. Consequently, the ensuing mold damage would not be afforded insurance under the Fulcrum policy since the mold arose from the door and window water leaks and / or wind driven rain unless there was physical damage to the insured structure which allowed the wind driven rain to enter into the insured structure.

7)    The Vericlaim report indicates a possible cause of loss to be defective installation, defective design and faulty materials. This position is supported by the limited descriptions contained in a large number of Hamilton Electric & Plumbing Co.'s billings to Las Arenas. However, the Fulcrum insurance policy specifically excludes losses and / or claims due to construction workmanship.

Mr. Ken E. Kendrick, Esquire
RE:    C.A. No. B-03-167 General Security Indemnity Company of Arizona vs.
       Las Arenas Condominium Association of Co-owners, Inc. dba Las Arenas
       Condominiums
Page 4


**Preliminary Opinion #1 –**

There is no insured water damage and / or mold damage losses or claims under Fulcrum policy.  In my preliminary opinion, there was not an insured "occurrence" as defined in the Fulcrum insurance policy which caused the insured's losses and / or claims that the named insured reported on 6/27/02.  (There was no actual loss and / or claim reported to occur on 6/27/04.)  The Fulcrum insurance policy defines an "occurrence" as ". . .  any one loss, disaster, casualty or series of losses, disasters or casualties arising out of one event."

Due to the quantity of losses and / or claims and their time spans in excess of 14 days, said losses and / or claims are not a series of insured events or an "occurrence" under Fulcrum's insurance policy.  Seepage losses and / or claims greater than 14 days can not be reported under the terms and conditions of the Fulcrum policy.

**Preliminary Opinion #2 –**

If the mold damage losses and / or claims arise from "toxic" mold, the Fulcrum insurance policy would not afford insurance based on the insurance policy's definition of pollution which includes "…toxic or hazardous substances."

**Preliminary Opinion #3 –**

The Fulcrum insurance policy's named insured has voided the insurance coverage afforded to Las Arenas.  This is based upon the policy's conditions which state  "… at any time, intentionally conceal or misrepresents a material fact concerning"…."4.  A claim under this coverage part."  The named insured knowingly submitted losses and / or claims that were believed by other representatives of the named insured under the Fulcrum policy to be related to and / or arise from faulty workmanship, design defect and / or faulty materials as water damage and mold damage claims that may possibly have occurred during a heavy rain downpour under their Fulcrum insurance policy. This type of "excluded coverage" claim reporting appears to be a material misrepresentation by the named insured; thus, the water damage losses and / or claims submitted to Fulcrum Insurance Company would void the insurance policy.

Mr. Ken E. Kendrick, Esquire

RE:   C.A. No. B-03-167 General Security Indemnity Company of Arizona vs.
      Las Arenas Condominium Association of Co-owners, Inc. dba Las Arenas
      Condominiums

Page 5


**Preliminary Opinion #4 –**

The Fulcrum insurance policy imposes specific duties on said policy's named insured to report water leakage and/or water seepage claims and/or losses immediately to Fulcrum. The named insured also has a duty to allow Fulcrum opportunities to inspect and repair any damages that may arise from an insured claim and / or loss; and the named insured has a duty to make temporary repairs to protect the insured property from incurring more damages. It appears the named insured failed to perform these duties in accordance with the terms and conditions contained in the Fulcrum insurance policy.


**Preliminary Opinion #5 –**

There have been numerous attempts by Fulcrum insurance company and / or their representative to obtain more detailed loss / claim detailed information from the named insured and / or their representative. Said information is needed to complete the review of the named insured's loss and / or claim.

1) Certified copy of the Fulcrum Insurance Policy.
2) Copy of R.N. Jones Insurance Agency's submission made to Myron Steves,
3) A list of occupied and vacant condominiums as of 6/27/02.
4) The original and any modified petitions filed by the parties in this matter.

Until receipt of the above requested items, I reserve all rights to change, alter, amend, modify and / or completely retract any and / or all of my preliminary opinions that I have expressed in this letter.


Sincerely,

*Michael Swetnam*


Michael Swetnam

# Michael N. Swetnam

Rt. 3, Box 3099 Y
Whipple Road
Los Fresnos, TX 78586
956-233-1201

---

## EDUCATION

---

**Madison University**, Gulf Port, MS. 2002
**Juris Doctorate**
Paper: "Contract Surety's Right of Equitable Subrogation in Billed and Unfinished Work
        In Progress of Public Entity Construction Projects"
Honors: Cum Laude

**Baylor University**, Waco, TX . 1981
**B.B.A.**
Areas of Concentration: Finance, Accounting and Economics
Minor: Insurance and Real Estate
Paper: "Statistical Confidence Level Modeling of Insurance Claims"

---

## AWARDS

---

• Harlingen Insurance Women's Boss of Year – 1998 and 1987

---

## INSURANCE EXPERIENCE AND LICENSES

---

<u>Texas:</u>

**General Lines Agent** – License Number: 717676 . 1985.

**Managing General Agent** – License Number: 109429 . 1987

**Excess & Surplus Agent** – License Number: 109427 . 1989

**Reinsurance Broker Intermediary** – License Number: 109430 . 1989

**Risk Manager** – License Number: 109428 . 1989

<u>New York:</u>

**Excess & Surplus Agent** – License Number: BR-842735 . 1989

**Reinsurance Broker Intermediary** – License Number: RI-843189 . 1989

## RELATED EXPERIENCE

**Owner**, Swetnam Insurance Services, San Benito, TX 1990 – Present
Provide as needed editorial support remotely, including developmental and copy editing of their internal online and printed documentation.

**Vice-President**, Smith-Reagan & Associates, Inc., San Benito, TX 1984 – Present
Provide commercial insurance operations management, including commercial insurance product and insurance market development.

**Commercial Insurance Underwriter**, Commercial Union Assurance Company, El Paso, TX 1982-1984
Multistate, multiline commercial insurance underwriter, including placement of both ceded and facultative reinsurance.

## PUBLICATIONS AND PAPERS

- "Aspects of Governmental Entity Insurance Requirements for Contractors and Contract Surety Bonds" Key Speaker and paper presented to the National Risk Purchasing Managers Association, "Momentum", South Padre Island, TX  ▪ 2004.

    "Aspects of Governmental Entity Self-Insurance Programs" Key Speaker and paper presented to the National Risk Purchasing Managers Association, "Momentum", South Padre Island, TX  ▪ 2004.

- "Contract Surety's Right of Equitable Subrogation in Billed and Unfinished Work In Progress of Public Entity Construction Projects" ▪ 2002

- "Statistical Claim/Loss Confidence Level Modeling of Insurance Claims" ▪ 1981

- "Current Changes in Contract Surety for Public Entity Construction Projects", Shared Key Speaker and paper presented to the National Risk Purchasing Managers Association, "Momentum", South padre Island, TX  ▪ 1996.

- "Contract Surety for Public Entity Construction Projects", Key Speaker and paper presented to the National Risk Purchasing Managers Association, "Momentum", South Padre Island, TX  ▪ 1997.

- "Keys for Qualifying Contract Suretyship on Public Projects", Key Speaker and paper presented to the National Risk Purchasing Managers Association, "Momentum", South Padre Island, TX  ▪ 1998.

## LANGUAGES

**English** – native language

## MEMBERSHIPS

Independent Insurance Agents of Texas

Professional Insurance Agents of America

Texas Surplus Lines Agents Association, Inc.

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **GENERAL SECURITY INDEMNITY** | § | |
| **COMPANY OF ARIZONA** | § | |
| | § | |
| **VS.** | § | **C.A. NO. B-03-167** |
| | § | |
| **LAS ARENAS CONDOMINIUMS** | § | |
| **ASSOCIATION OF CO-OWNERS, INC.** | § | |
| **D/B/A LAS ARENAS CONDOMINIUMS** | § | |

## EXPERT REPORT OF KEN E. KENDRICK

Pursuant to Rule 26(f), General Security Indemnity Company of Arizona presents its expert report of **KEN E. KENDRICK**.

### 1.    Name

My name is Ken E. Kendrick. I am 44 years of age, and I presently reside at 1526 Sue Barnett, Houston, Texas 77018. I am a shareholder in the firm of Kelly, Sutter & Kendrick, P.C. My work address is 3050 Post Oak Blvd., Suite 200, Houston, Texas 77056. My work telephone number is (713) 595-6000.

### 2.    Educational and Employment Background

My Curriculum Vitae is attached.

### 3.    Opinions and Bases

I will testify to the reasonable and necessary attorneys' fees incurred by General Security Indemnity Company of Arizona in this litigation.

### 4.    Facts Upon Which Opinions Are Based

My opinion (which will be supplement prior to trial with ongoing work, and expenses) is

based upon the following factors:

> (a)    My knowledge of the work performed and services provided by the attorneys representing General Security Indemnity Company of Arizona in this litigation;

> (b)    The factors established by Rule 1.04, Texas Disciplinary Rules of Professional Conduct, including the following:

>> (1)    The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;

>> (2)    The likelihood, if apparent to the client, that acceptance of the particular employment will preclude other employment by the lawyer;

>> (3)    The fee customarily charged in the locality for similar legal services;

>> (4)    The amount involved and the results obtained;

>> (5)    The time limitations imposed by the client or by the circumstances;

>> (6)    The nature and length of the professional relationship with client; and

>> (7)    The experience, reputation, and ability of the lawyer or lawyers to perform the services.

### 5.    Compensation

I am being compensated for my services in this case at the rate of $200.00 per hour. To date,

my firm has spent 43.20 hours relating to the prosecution of the declaratory suit, and incurred fees

and expenses in the amount of $9,928.34 through June 30, 2004. In my opinion, based upon the

above factors, these fees and expenses were reasonably and necessarily incurred by General Security

Indemnity Company of Arizona to prepare for and be represented in this lawsuit to date.  Further,

additional fees and expenses are still being incurred as the suit continues.

### 6.     Prior Depositions

I have not given a deposition as an expert witness in any matter in the last four (4) years.

 

 

_____
**KEN E. KENDRICK**

Attorney Ken Kendrick, Kelly, Kelly, Sutter, & Kendrick, P.C., Houston, Texas

# KELLY, SUTTER KENDRICK, P.C.

- Firm Overview
- Practice Areas
- Attorneys
- Articles
- Substantial Case Results
- Representative Clients
- Office Description

## ATTORNEYS

### Ken E. Kendrick
3050 Post Oak Blvd., Ste. 200
Houston, Texas 77056-6570



**Communication
Center**

**Phone:** (713) 595-6000   **E-mail:** kkendrick@ksklawyers.com

**Fax:** (713) 595-6001   **Web site:** http://www.ksklawyers.com

Position   Areas of Practice   Education
Affiliations

Mr. Kendrick received a B.B.A. for Select Students from
Stephen F. Austin State University in 1982 and a J.D. from

Texas Tech University in 1985. At Texas Tech University Law School, he was a member of the Board of Barristers and participated in the 1984 Spring Moot Court Finals. He is a member of the Texas and Houston Bar Associations. He is admitted to practice before the United States District Courts for the Southern, Western and Eastern Districts of Texas and the United States Court of Appeals for the Fifth Circuit. Mr. Kendrick's principal areas of practice are land and offshore oilfield litigation, premises liability, refinery litigation, contractual indemnity and insurance coverage. Mr. Kendrick was a speaker at the 1990 TSLA Mid-Year Convention and presented his legal article entitled "Texas Oilfield Indemnity and Related Issues." Mr. Kendrick was a CLE speaker at the 1994 TSLA Mid-Year Convention and presented his legal article entitled "Good Faith: Does this Tort Duty Extend to Agents?" Mr. Kendrick was a speaker at the 1997 Contractual Liability Seminar of the Energy Week Conference and presented his legal article entitled "Texas Oilfield Indemnity and Related Insurance Issues."

**Current Employment Position(s):**
  Director

**Areas of Practice:**
  Land and Offshore Oilfield Litigation
  Premises Liability
  Refinery Litigation
  Contracual Indemnity
  Insurance Coverage

**Litigation Percentage:**
  100% of Practice Devoted to Litigation

**Bar Admissions:**
  Texas, 1985
  U.S. Federal Court, 1985
  U.S. District Court Southern District of Texas
  U.S. District Court Western District of Texas
  U.S. District Court Eastern District of Texas

U.S. Court of Appeals 5th Circuit

**Education:**

Texas Tech University School of Law, Lubbock, Texas, 1985
J.D.
*Honors:* Member, Board of Barristers
*Honors:* Participated in 1984 Spring Moot Court Finals

Stephen F. Austin State University, Nacogdoches, Texas, 1982
B.B.A.

**Classes/Seminars Taught:**

Speaker, Texas Oilfield Indemnity and Related Issues, TSLA Mid-Year Convention, 1990

Speaker, Good Faith: Does this Tort Duty Extend to Agents?, TSLA Mid-Year Convention, 1994

Speaker, Texas Oilfield Indemnity and Related Insurance Issues, Contractual Liability Seminar, Energy Week Conference, 1997

**Professional Associations and Memberships:**

Texas Bar Association
Member

Houston Bar Association
Member

**Birth Information:**

July 10, 1960, Benton, Arkansas, United States of America

Firm Ove... | Practice Areas | Attorneys | ... | ...| Substantie' Case
Result...| ... ... | ... in C... | Office Description | ...re |
Disc'a'm...